## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHELLITTE EVE K.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No.   ADC-20-0322** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| **ADMINISTRATION,**[1] | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On February 7, 2020, Shellitte Eve K. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1 ("the Complaint").  After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 14, 17), as well as the response thereto (ECF No. 18) the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md.2018).  In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 17) are DENIED, the decision of the SSA is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

## PROCEDURAL HISTORY

On March 2, 2018, Plaintiff filed a Title II application for DIB, alleging disability beginning on January 14, 2018.  Plaintiff also filed a Title XVI application for SSI on March 2, 2018, alleging disability beginning on January 14, 2018.  Her claims were denied initially and

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

upon reconsideration on June 5, 2018 and December 20, 2018, respectively.  Subsequently, on February 25, 2019, Plaintiff filed a written request for a hearing and, on August 14, 2019, an Administrative Law Judge ("ALJ") presided over a video hearing.  On October 4, 2019, the ALJ rendered a decision ruling that Plaintiff "[had] not been under a disability within the meaning of the Social Security Act [(the "Act")], from January 14, 2018."  ECF Np. 11-3 at 33.  Thereafter, Plaintiff requested review of the ALJ's decision, and on December 12, 2019, the Appeals Council affirmed.  Thus, the decision rendered by the ALJ became the final decision of the SSA.  *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On February 7, 2020, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application.  On October 15, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on January 28, 2021. Plaintiff filed a response to Defendant's Motion on February 18, 2021.[2]  This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A.  § 405(g)."  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence.  Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not

---

[2] On February 23, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.  It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted).  "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ.  Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted).  Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that she is under disability within the meaning of the Act.  The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  A claimant shall be determined to be under disability where "h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]"  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).  The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]"  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in

4

the Code of Federal Regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis.  20 C.F.R. §§ 404.1520(e), 416.920(e).  RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  The ALJ must consider even those impairments that are not "severe."  20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test.  *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529.  First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms.  20 C.F.R. § 404.1529(b).  Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work.  20 C.F.R. § 404.1529(c)(1).  At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant.  20 C.F.R. § 404.1529(c).  The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence.  SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017).  To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received

for her symptoms, medications, and any other factors contributing to functional limitations.  *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still perform past relevant work, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis.  During steps one through four of the evaluation, the claimant has the burden of proof.  20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291.  At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy.  20 C.F.R.  §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled.  20 C.F.R.  §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v).  If the claimant cannot perform other work, then the claimant is disabled.  *Id.*

## ALJ DETERMINATION

In the instant matter, regarding Plaintiff's DIB claim, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through December 31, 2022. ECF No. 11-3 at 22.  The ALJ then performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 14, 2018. *Id.*  At step two, the ALJ found that Plaintiff had the following severe impairments: "multiple

sclerosis, obesity, and lumbar scoliosis with mild degenerative joint disease." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1.  *Id.* at 25.  At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she needs to alternate positions between sitting and standing for comfort while remaining on task as she changes positions. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but she can never climb ladders, ropes, or scaffolds. She can tolerate occasional exposure to unprotected heights, moving mechanical parts, humidity, wetness, dusts, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibration, an no noise above an office environment level.

*Id.* at 26.  Finally, at step five, the ALJ found that Plaintiff "is capable of performing past relevant work as a Sales Representative and as a Customer Service Clerk."  *Id.* at 30. The ALJ also gave an "alternative" finding that "although the [Plaintiff] is capable of performing past relevant work, there are other jobs in the national economy that Plaintiff could also perform." *Id*. a 31.  Thus, the ALJ concluded that Plaintiff was not "under a disability, as defined in [the Act], from January 14, 2018, through the date of this decision."  *Id.* at 33.

## DISCUSSION

In the present case, Plaintiff raises three arguments: (1) that the ALJ failed to properly apply the special technique; (2) the ALJ's determination that Plaintiff is capable of performing past relevant work is not supported by substantial evidence; and (3) the ALJ failed to resolve a conflict between the VE testimony and DOT. Plaintiff's arguments are addressed below.

### A.  The ALJ erred in applying the "special technique" set forth in 20 C.F.R. §§ 404.1520a and 416.920a.

When an ALJ determines that a claimant has a medically determinable mental impairment or impairments, the Regulations require the ALJ to follow a "special technique" to evaluate such impairments, as described in 20 C.F.R. §§ 404.1520a and 416.920a. Under the "special technique",

an ALJ is required to rate the degree of a claimant's functional limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The ALJ's evaluation must include a specific finding as to the degree of limitation in each of the four functional areas. 20 C.F.R. § 404.1520a(e)(2). The first three functional areas are rated on a five-point scale: none, mild, moderate, marked, and extreme, 20 C.F.R. § 404.1520a(c)(4), while the fourth functional area is rated on a four-point scale: none, one or two, three, and four or more. *Id.* The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity. *Id.*

The ALJ is also required to document, in writing, how the "special technique" was applied in evaluating an individual claimant. *Id.* § 404.1520a(e). Specifically, an ALJ's written decision "must incorporate the pertinent findings and conclusions based on the technique" and "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id.* § 404.1520a(e)(2).

In the present case, the ALJ found that Plaintiff had the "medically determinable mental impairments of depression, anxiety, and obsessive-compulsive disorder." ECF No. 11-3 at 23. Plaintiff argues that remand is warranted because the ALJ did not cite to objective medical evidence to support the conclusion that Plaintiff suffered from three medically determinable mental impairments. *Id.* 13. The Court agrees.

The Regulations are binding guidance and describe in plain language what an ALJ must include and document in their decision. *See Patterson v. Commissioner of Social Security Administration*, 846 F.3d 656, 661 (4th Cir.2017). An ALJ is required to document the application of the special-technique in reaching their findings. 20 C.F.R. § 404.1520a(e)(3). The "failure to

properly document application of the special technique will rarely, if ever be harmless because such a failure prevents, or at least substantially hinders, judicial review." *Patterson.* at 662. Here, the ALJ erred by failing to explain how she determined that Plaintiff had the listed medically determinable mental impairments. Instead, the ALJ simply concluded that Plaintiff suffered from these impairments and from there began the function analysis. ECF No. 11-3 at 23. The ALJ did not cite to any medical records or opinions to support her determination. It is difficult to discern how an ALJ treated relevant and conflicting evidence without proper documentation of the special technique, thus an "ALJ's lack of explanation requires remand." *Patterson* at 662. Because the ALJ failed to explain why she concluded the listed impairments were medically determinable, the Court must remand the case to the SSA for further analysis.

**B. The ALJ's reliance on the VE's testimony constitutes harmless error because the alternative finding is supported by substantial evidence.**

At step four of the sequential evaluation, the ALJ concluded that Plaintiff was capable of performing her past relevant work at Best Buy as a customer service clerk and sales representative. ECF No. 11-3 at 30. Plaintiff contends that the ALJ's conclusion was erroneous because the ALJ relied on improper hypotheticals presented to the Vocational Expert ("VE"), as they did not set forth all of Plaintiff's limitations contained in her RFC determination. Specifically, Plaintiff's need to alternate sitting and standing positions.

The Commissioner employs VEs to offer evidence as to whether a claimant possesses the RFC to meet the demands of past relevant work or adjust to other existing work. 20 C.F.R. §§ 404.1560(b)–(c), 416.960(b)–(c). The VE may respond to a hypothetical about a person "with the physical and mental limitations imposed by the claimant's medical impairment(s)." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response

to proper hypothetical questions which fairly set out all of claimant's impairments." *Hines v.*
*Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (quoting *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.
1989)). "[A] hypothetical question is unimpeachable if it adequately reflects a [RFC] for which
the ALJ had sufficient evidence." *Fisher v. Barnhart*, 181 F.App'x 359, 364 (4th Cir. 2006) (per
curiam) (internal quotation marks omitted) (emphasis omitted) (quoting *Johnson*, 434 F.3d at 659).

The ALJ determined that Plaintiff had the RFC in part, "to perform light work…except she
needs to alternate positions between sitting and standing for comfort while remaining on task as
she changes positions." ECF No. 11-3 at 26. The ALJ began the VE's questioning by asking him
to give the correct Dictionary of Occupational Titles ("DOT") title and number, specific vocational
preparation ("SVP"), and exertional level of Plaintiff's past work. ECF No. 11-3 at 80. The VE
explained:

> Home health aide is number 354.377-014. It is medium, semi-
> skilled, SVP three. The telephone sales work at Best Buy, sales
> representative telephone is the title in the DOT. Sales representative
> telephone at number 253.257-010. Rated light, skill level six. And,
> in the customer service clerk of retail, customer service clerk,
> number 299.367-010, light, semi-skilled, SVP four.

*Id*. The ALJ then posed the following hypothetical to the VE:

> [i]f the [Plaintiff] were limited to light work, could occasionally
> climb ramps and stairs. Never climb ladders, ropes, or scaffolds.
> Occasionally balance, stoop, kneel, crouch, and crawl. Occasionally
> be exposed to unprotected heights, and moving mechanical parts,
> humidity, wetness, dust, odors, fumes, and pulmonary irritants. And,
> extreme cold, extreme heat, vibration, and only—no noise above
> office level noise. Could she return to any of her past work?

*Id*.  Considering these limitations, the VE determined that Plaintiff could return to her past work
at Best Buy as a customer service clerk and sales representative. *Id*. at 81. The ALJ then asked the
VE to list jobs available for a hypothetical claimant of the same age and experience as Plaintiff,
with the same RFC, but "limited to simple, routine tasks, with only occasional contact with

supervisors, co-workers, and the public." *Id*. The VE testified that this would preclude the past work altogether, which the ALJ acknowledged. *Id*. The VE then proceeded to list five jobs able to accommodate the proposed limitations: laundry folder (DOT 369.367-018); laundry and linen sorter (DOT 361.687-014); garment packer (DOT 920.687-018); mail clerk (DOT 209.587-010); and surveillance system monitor (DOT 379.367-010). *Id*. at 81-82. The ALJ proceeded to ask the VE, "with these five jobs that you identified, if the hypothetical person needed to alternate sitting and standing for comport while remaining on task while they change different positions, would that affect either the availability, or number of these jobs?" *Id*. at 83. The VE testified that though the DOT does not specifically address that type of limitation, based on his knowledge and experience in the field there would be no changes in the availability or number of the jobs listed. *Id*.

The ALJ did not directly ask the VE whether Plaintiff's need to alternate between sitting and standing would preclude Plaintiff from performing her past relevant work. In the hearing, the VE provided the description and requirements for the sales representative and customer service clerk jobs but did not explicitly testify that Plaintiff would be capable of performing these jobs considering all of the ALJ's suggested limitations. Therefore, the Court agrees with Plaintiff that there is an inherent conflict between the ALJ's determination that Plaintiff could perform past relevant work and the VE's testimony.

Notwithstanding the discrepancy between the ALJ's past relevant work finding and the VE's testimony, the ALJ's "alternative" finding precludes remand. *Tommasetti v. Astrue*, 533 F.3d 1035, 1044 (9th Cir. 2008). The ALJ determined that "[a]lthough the claimant is capable of performing past relevant work, there are other jobs existing in the national economy that she is also able to perform. Therefore, the Administrative Law Judge makes the following alternative findings for step five of the sequential evaluation process." ECF No. 11-3 at 31.

When provided with a hypothetical that included all of Plaintiff's limitations set forth in her RFC, including the need to alternate between sitting and standing, the VE responded with a series of jobs Plaintiff would be capable of performing. ECF No. 11-3 at 81-82. The ALJ, relying on the VE's testimony, found that Plaintiff could work as a laundry folder, laundry/linen sorter, garment packer/bagger, addresser, and surveillance system monitor. *Id*. at 32. Thus, the ALJ's alternative finding satisfied the step five requirements and her determination was supported by substantial evidence in the record.

Although the ALJ's step four determination constitutes error, it is harmless error in light of the ALJ's alternative finding. *Tommasetti* at 1044. Furthermore, this Court has previously recognized the propriety of alternative step five findings. *Queen v. Astrue*, Civil No. TMD-10-3364, 2012 WL 1016822, at *3 (D. Md. Mar. 23, 2012) (holding that the ALJ's error at step four was harmless error where the Court upheld the ALJ's alternative step five finding); *Timmons v. Colvin*, Civil No. ADC-16-0271, 2016 WL 7408837, at *6 (D. Md. Dec. 21, 2016) (same); *see also Malachi v. Colvin*, Civil No. 214-CV-03334-TMC-MGB, 2016 WL 551828, at *5 (D.S.C. Jan. 25, 2016). Therefore, Plaintiff's argument that the ALJ's step four determination is not supported by substantial evidence fails as a matter of law.

**C.  The ALJ erred by neglecting to resolve a conflict between the VE's testimony and the DOT.**

Lastly, Plaintiff argues that the ALJ's step five determination is unsupported by substantial evidence because the ALJ failed to resolve the apparent conflict between the VE's testimony and the DOT. ECF No. 14-2 at 29. Specifically, Plaintiff argues that the occupations of laundry folder (DOT 369.367-018) and laundry/linen sorter (DOT 361.687-014) conflict with her RFC. *Id*. at 31. The Court agrees with Plaintiff that the ALJ's error warrants remand.

Social Security Ruling 00-4p clarifies 20 C.F.R. § 404.1566, which states, without more, that ALJs will consider both the DOT and VE testimony to determine whether a Social Security claimant can find work suited to her RFC. SSR 00-4p explains that its purpose is to require the ALJ (not the VE) to "[i]dentify and obtain a reasonable explanation" for conflicts between the VE's testimony and the DOT, and to "[e]xplain in the determination or decision how any conflict that has been identified was resolved." SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). The Ruling then proceeds to require that the ALJ undertake exactly these responsibilities. First, the ALJ must "[a]sk the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT;" and second, "[i]f the VE's . . . evidence appears to conflict with the DOT," the ALJ must "obtain a reasonable explanation for the apparent conflict." *Id.* at *4. Notably, this second requirement is so independent of the first that it does not rest on the VE's identification of a conflict. Rather, SSR 00-4p directs the ALJ to "resolve the conflict by determining if the explanation given by the VE . . . is reasonable," *id.* at *2, and to "explain the resolution of the conflict irrespective of how the conflict was identified," *id.* at *4. Even if the VE states there is no conflict between the evidence and the DOT, the ALJ must still recognize and resolve conflicts that are not immediately obvious. *Pearson v. Colvin*, 810 F.3d 204, 209–10 (4th Cir. 2015).

In this case, the ALJ found in her RFC determination that Plaintiff "can tolerate occasional exposure to…humidity [and] wetness." ECF No. 11-3 at 26. The VE testified Plaintiff could perform the requirements of a laundry folder, laundry/linen sorter, garment packer/bagger, addresser, and surveillance system monitor. *Id.* at 81-82. However, a laundry folder has constant exposure to wet and/or humidity (DICOT 369.687-018, 1991 WL 672991 (Jan. 1, 2016)) while a laundry/linen sorter has frequent exposure to wet and/or humidity. DICOT 361.687-014, 1991 WL 672991 (Jan.1, 2016). As noted, the ALJ is required to ask the VE about whether the evidence presented conflicts with the DOT information and if so, must resolve any apparent conflicts. SSR

00-4p, 2000 WL 1898704, at *4. Here, the ALJ never asked the VE about any apparent conflicts. Since the ALJ failed to identify and address this conflict, the Court must remand this case to the SSA for further analysis.

### CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from January 14, 2018 through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date:  16 March 2021                                         *A. David Copperthite*
                                                            A. David Copperthite
                                                            United States Magistrate Judge